## UNITED STATES BANKRUPTCY COURT
## FOR THE
## WESTERN DISTRICT OF KENTUCKY

IN RE:                                    )
                                          )
    DOUGLAS M. BURGETT              )
                                          )    CASE NO.  15-30320(1)(7)
                                          )
                    Debtor          )

### MEMORANDUM-OPINION-ORDER

This matter is before the Court on the Application for Waiver of the Chapter 7 Filing Fee ("the Application") of Debtor Douglas M. Burgett ("Debtor").  The Court considered the Debtor's Application and the comments of counsel and the Debtor at the hearing held on the matter.  For the following reasons, the Court will deny the Debtor's Application.

The Debtor filed his Voluntary Petition seeking relief under Chapter 7 of the Bankruptcy Code on January 31, 2015.  On the same date, Debtor filed his Application seeking a waiver of the Court's filing fee.

In the Application, Debtor states he is unemployed and has been unemployed since April or May of 2014.  He currently lives with his girlfriend who pays his living expenses.  His mother pays child support to the mother of his child, with whom he does not reside.  Funds held in his attorney's escrow account were paid by another friend.

Debtor's Petition indicates that he does not own a car or real estate and any property he owns is exempt from execution.  Debtor indicated at the hearing that he hopes to obtain a discharge of his current debt so he can restore is credit and one day own his own home.  His friend paid his attorney

$250 on his behalf and he indicates on his Application that he expects to pay his attorney $625 for services for his bankruptcy case. He requests that the filing fee for his Chapter 7 Petition be waived.

On February 13, 2015, Debtor's counsel filed an Amended Disclosure of Compensation of Attorney for Debtor, in which he stated:

> Debtor agreed to pay $1,210 to counsel for this case. $875 was for attorney fees and $335 was for the filing fee. $250 of the attorney fees were for pre-petition legal work and $625 of the attorney fees were for post-petition legal work. As per the retainer agreement, Debtor agreed to make monthly payments in the amount of $240. Counsel discussed filing an application to waive the filing fee for Debtor, and as per the retainer agreement, if the filing fee was waived, then $335 would be deducted from the four payments of $240.

See, dkt. #19.

Debtor stated at the hearing that he expects to obtain employment shortly in the lawn care business. Debtor indicated that he would prefer to find steady employment rather than seasonal employment. Based upon the Debtor's testimony, the Court does not find that the Debtor is indigent by his life circumstances. Rather, he is indigent by choice and his circumstances do not warrant the extraordinary relief afforded to the applicants of *in forma pauperis* relief. Accordingly, the Court being duly advised in the premises,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Debtor's Application for Waiver of the Chapter 7 Filing Fee is **DENIED**.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: March 20, 2015

-2-